| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| Weingarten Realty Investors, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-12-1435 |
| Miller Sheridan LLC, | § § | |
| Defendant. | § § | |

## Opinion on Dismissal

1.  *Introduction.*

One member of a joint venture has demanded to arbitrate a dispute with the other. The other member says that the arbitration should be enjoined or stayed because the claims are unripe, waived, and derivative. The parties must arbitrate.

2.  *Background.*

In 2004, Weingarten Realty Investors and Miller Sheridan LLC formed Weingarten Miller Sheridan, LLC, to build a shopping mall. On December 15, 2006, Weingarten lent $75 million dollars to the venture. The venture signed a promissory note, and the loan was secured by the land for the mall. At the same time, Miller Sheridan and Stewart Miller separately guaranteed the loan. The two agreed to be responsible jointly for one-half of the amount outstanding if the venture did not pay. The debt was to be paid by December 15, 2010.

On June 15, 2011, when the debt was due, the venture did not pay. The next day, Weingarten asked Miller to honor his guarantee for one-half of the loan.

In February of 2012, Miller Sheridan moved to intervene in Weingarten's case against Miller. After a hearing on intevention, it withdrew its motion. Three weeks later, it sent Weingarten a demand for arbitration.

3. *Arbitrability.*

Weingarten says that arbitration should be barred or stayed because Miller Sheridan waived the right to arbitrate when it tried to intervene, the dispute about indemnification is not ripe, and the claim for breach of contract and fiduciary duty is a claim that belongs to the joint venture. Miller Sheridan says that questions about the arbitrability of the disputes should be handled by the arbitrator.

Weingarten and Miller Sheridan agreed to arbitrate under the rules of the American Arbitration Association. Rule 7 of the commercial arbitration rules says that the arbitrator has the power to review jurisdiction and arbitrability. Nothing in the arbitration clause in the joint-venture agreement conflicts with that rule.

The claims may have been waived, may be derivative, and may be green; those questions are for the arbitrator.

4. *Conclusion.*

Weingarten Realty Investors and Miller Sheridan LLC must arbitrate the claims for indemnification and breach of contract and fiduciary duty, and objections to the arbitration must be raised with the arbitration panel. The parties may not arbitrate the guarantee by Stewart A. Miller.

Signed on October 11, 2012, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge